IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 08-cv-00813-PAB-KLM

TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA,

    Cross-Claimant,

v.

RICHARD E. GASH ELECTRIC COMPANY,

    Cross-Claim Defendant,

v.

TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA,

    Third-Party Plaintiff,

v.

GEORGE A. NIGHTINGALE,
PEGGY S. NIGHTINGALE,
JOHN LAW and
CHERYL A. LAW,

    Third-Party Defendants.

---

# ORDER

---

This matter is before the Court on cross-claim plaintiff and third-party plaintiff Travelers Casualty & Surety Company of America's ("Travelers") (1) motion for default judgment against third-party defendants John Law and Cheryl A. Law [Docket No. 41], (2) repeated motion for default judgment against John Law and Cheryl A. Law [Docket

No. 42],[1] and (3) motion for default judgment against third-party defendants George A. Nightingale and Peggy S. Nightingale [Docket No. 45].

## I. BACKGROUND

### A. Procedural Background

On April 21, 2008, MCFSA, Ltd., the plaintiff in this case, filed its complaint alleging that defendant and cross-claim defendant Richard E. Gash Electric Company ("Gash Electric") breached a construction subcontract by failing to pay for labor and materials furnished by MCFSA. MCFSA also claimed that Travelers, as the issuer of a surety bond (the "Bond") to Gash Electric, was liable as Gash Electric's indemnitor. MCFSA brought an additional bad faith claim against Travelers for its failure to tender payment under the Bond.

On May 20, 2008, Travelers filed its answer to MCFSA's complaint, simultaneously asserting two cross-claims against Gash Electric and a third-party claim against George A. Nightingale, Peggy S. Nightingale, John Law, and Cheryl A. Law. *See* Def. Travelers Casualty & Surety Company of America's Answer to Compl., Cross-Cl. and Third-Party Compl. [Docket No. 6] ("Travelers' Compl."). Travelers' first claim for relief – for "Indemnification" – is asserted against Gash Electric *and* the four third-party defendants.[2] This claim is based on expressed and implied contracts that each of

---

[1] Although Travelers indicated on the Court's electronic case management system that the second motion was being filed against third-party defendants George Nightingale and Peggy Nightingale, the document it attached is identical to the first motion. Travelers has since corrected this clerical error by filing the motion for default judgment against the Nightingales noted above.

[2] Travelers' second cross-claim against Gash Electric – for breach of contract – is not relevant to the present Order.

the five parties allegedly made, promising to indemnify and reimburse Travelers for all losses and expenses incurred under the Bond.  On October 6, 2008, Travelers and MCFSA filed a stipulated motion to dismiss MCFSA with prejudice [Docket No. 34], which the Court later granted, dismissing MCFSA from the case [Docket No. 36].

To date, neither Gash Electric nor the third-party defendants has filed a responsive pleading in this case.  On September 16, 2008, Travelers filed a motion for entry of default against the five cross-claim and third-party claim defendants [Docket No. 24].  The Clerk of the Court denied this motion due to a defect in the filing [Docket Nos. 26, 27, 28].  Travelers re-filed its motion for entry of default on September 30, 2008 [Docket No. 29] and then filed an amended version on October 6, 2008 [Docket No. 33].  On October 14, 2008, the Clerk of the Court entered default against George Nightingale, Peggy Nightingale, John Law, and Cheryl Law [Docket Nos. 38, 39], but declined to enter default against Gash Electric because of a defect in proof of service.  Travelers has not corrected the defect or otherwise addressed Gash Electric's status as a party.

Travelers now seeks a default judgment from this Court under Federal Rule of Civil Procedure 55(b) against John Law, Cheryl Law, George Nightingale, and Peggy Nightingale for the losses and expenses it allegedly incurred as a result of issuing the Bond [Docket Nos. 41, 42, 45].  These losses and expenses appear to be a product of the claims and litigation against MCFSA.  Travelers has not filed a motion with regard to Gash Electric.

### B.  The Indemnity Agreement

Travelers bases its claim for relief against the third-party defendants in large part

3

on a General Agreement of Indemnity ("Indemnity Agreement") signed by the four third-party defendants individually and by George Nightingale and Cheryl Law on behalf of Gash Electric. See Def. Travelers Casualty & Surety Company of America's Answer to Compl. Cross-Cl. and Third-Party Compl. [Docket No. 6] ("Travelers' Compl."), Ex. 2 (General Agreement of Indemnity). The Indemnity Agreement contains a paragraph entitled "Indemnification and Hold Harmless" which states,

> Indemnitors shall exonerate, indemnify, and save [Travelers] from and against all Loss [as defined in paragraph 1 of the Indemnity Agreement]. An itemized, sworn statement by an employee of [Travelers], or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability. Amounts due to [Travelers] shall be payable upon demand.

*Id.* ¶ 3. The Indemnity Agreement also contains a paragraph entitled "Joint and Several Liability" which states,

> The obligations of Indemnitors hereunder are joint and several. [Travelers] is authorized to settle with any one or more of the Indemnitors individually, and without reference to the others, and any such settlements shall not bar or prejudice actions by the Company against or affect the liability of the other Indemnitors hereunder.

*Id.* ¶ 7.

## II. ANALYSIS

It is not entirely clear what form of liability Travelers seeks to assert against Gash Electric and the four third-party defendants under the Indemnity Agreement. Under Colorado law,[3] "[t]he intent of the parties determines whether joint, several, or joint and several promises were made" within a contract. *Magnuson v. Smith & Saetveit, P.C.*,

---

[3] Where a court has diversity-based jurisdiction over a case, the laws of the forum state govern the analysis of the underlying claims. See *Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995).

4

722 P.2d 1020, 1023 (Colo. App. 1986) (citing *Smith v. Woodward*, 117 P. 140, 141 (Colo. 1911)). The contract language is the primary guide in establishing that intent. *Id.*

A so-called "several contract" creates obligations, and thus liabilities, which are separate and distinct to each party. *See* Michael A. Lord, Williston on Contracts § 36:1 (4th ed. 2007). Under a "joint contract," on the other hand, the promisors collectively promise to incur certain obligations and "each joint promisor is liable for the whole performance jointly assumed." *Id.* Finally, a contract which is "joint and several" is a contract between each promisor and the promisee, as well as a collective promise by all of the promisors to that promisee. *See id.* In joint and several contracts promisors "are bound jointly as one party, and also severally as separate parties at the same time." *Id.* A promisee under such a contract may bring an action against any of the liable parties or all of them for the entire amount due. *See Bennett v. Morse*, 39 P. 582, 583 (Colo. App. 1894). In practice, the distinction between joint liability and joint and several liability carries little significance in many states, including Colorado, which have abrogated the distinction altogether. *See* Colo. Rev. Stat. Ann. § 13-50-101 (2008) ("All joint obligations and covenants shall be taken and held to be joint and several obligations and covenants"); *Bennett*, 39 P. at 583; *Anderson v. Barnes*, 671 P.2d 1327, 1328 (Colo. App. 1983) (citing Restatement (Second) of Contracts § 289 (1979)).

In the present case, the Indemnity Agreement states rather unequivocally that the cross-claim and third-party defendants' liability is joint and several. The additional language of the "Joint and Several Liability" paragraph reinforces that fact. Travelers in one instance does appear to seek several liability in this action; in its prayer for relief in

5

the cross-claim and third-party complaint, Travelers "demands judgment *separately* against Cross-Claim Defendant [Gash Electric] and Third-Party Defendants George A. Nightingale, Peggy S. Nightingale, John Law and Cheryl Law . . . ." Travelers' Compl. at 6 (emphasis added). While this could arguably be construed as seeking several liability, Travelers' assertions elsewhere belie this construction. Most importantly, the motions for default judgment ask the Court to impose joint liability by seeking the full amount of the alleged losses and expenses incurred under the Bond against each and every third-party defendant. *See* Cross-Claim Defendant [sic] and Third-Party Plaintiff Travelers Casualty & Surety Company of America's Motion for Entry of Default Judgment [Docket No. 41] ("Mot. for Default J. Against J. & S. Law"), Ex. 2 ([Proposed] Judgment) at 2; Cross-Claim Defendant [sic] and Third-Party Plaintiff Travelers Casualty & Surety Company of America's Motion for Entry of Default Judgment" [Docket No. 45] ("Mot. for Default J. Against G. & P. Nightingale"), Ex. 2 ([Proposed] Judgment) at 2. Therefore, I conclude that Travelers is seeking joint, not several, liability against the cross-claim and third-party defendants.

It has been noted that "when one of several defendants who is alleged to be *jointly* liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2690, at 455-56 (1983) (citing *Frow v. DeLaVega*, 82 U.S. (15 Wall.) 552, 554 (1872))) (emphasis added). The Tenth Circuit summarized this position by declaring that "when multiple defendants are

6

alleged to be jointly liable and fewer than all defendants default, the district court may not render a liability determination as to the defaulting parties unless and until the remaining defendants are found liable on the merits." *Hunt*, 770 F.2d at 147 (citing *Frow*, 82 U.S. at 554). The rationale underlying this rule is the avoidance of the problem of inconsistent liability determinations among joint defendants. *See id.*

Particularly relevant to the present case, *Hunt* extended the rule of consistency expressed in *Frow* to *joint and several* liability. *See id.* at 148 ("[J]ust as consistent verdict determinations are essential among joint tortfeasors, consistent damage awards on the same claim are essential among joint and several tortfeasors.").[4] As a result, this Court cannot enter a default judgment under Rule 55(b) against defaulted defendants where there remains in the case another non-defaulted defendant who is jointly liable with the defaulted defendants under a joint or joint and several contract.

Cross-claim defendant Gash Electric is a signatory to the Indemnity Agreement. That agreement creates joint and several liability for certain losses and expenses incurred under the Bond. Travelers' complaint asserts a unified claim for indemnification against third-party defendants John Law, Cheryl Law, George Nightingale, and Peggy Nightingale and cross-claim defendant Gash Electric. While the Clerk of Court has entered defaults against all third-party defendants, the status of Gash Electric is uncertain. The Clerk's Office denied Travelers' motions for entry of

---

[4] Although *Hunt* and *Frow* involve common law liability for tort claims, the rationale underlying the Tenth Circuit's holding applies with equal force in contract disputes, and as such, the rule logically is applied to liability under a contract. *See, e.g.*, *Leaf Funding, Inc. v. Custom Highline, L.L.C.*, No. 07-2568-CM, 2008 WL 4305316, at *2 (D. Kan. Sept. 18, 2008).

7

default against Gash Electric because of a defect regarding proof of service. The record does not indicate any efforts by Travelers to correct that defect or otherwise move for entry of default or dismissal of Gash Electric. Therefore, Gash Electric remains in this case as a non-defaulted party. Any default judgment at this point could result in inconsistent judgments against otherwise jointly liable defendants if Gash Electric were to contest the claims against it and obtain a different result. It is therefore

**ORDERED** that cross-claim plaintiff and third-party plaintiff Travelers Casualty & Surety Company of America's (1) motion for default judgment against third-party defendants John Law and Cheryl A. Law [Docket No. 41], (2) repeated motion for default judgment against John Law and Cheryl A. Law [Docket No. 42], and (3) motion for default judgment against third-party defendants George A. Nightingale and Peggy S. Nightingale [Docket No. 45] are DENIED without prejudice.

DATED February 27, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge